NOTE: CHANGES MADE BY THE COURT

Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail:   ddegenna@wps-law.net

Attorneys for Defendants OXNARD POLICE DEPARTMENT, CITY OF OXNARD, FORMER CHIEF JOHN CROMBACH, OFFICER JAMES LANGFORD, and OFFICER JOHN SUNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MORILLON CHAVEZ, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>OXNARD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. CV11-8930 PA (PLAx)<br><br>**PROTECTIVE ORDER** |

Pursuant to the stipulation of the parties and good cause being shown therefor, IT IS HEREBY ORDERED that:

1.   The documents subject to this order are documents responsive to plaintiff's Request for Identification and Production of Documents (Set One) to James Langford and John Sunia.  Defendant James Langford has responded with objections to item Nos. 1, 2, 10-12, and 19-21, and served a privilege log for documents and things for which he asserts various privileges.  Defendant John Sunia has responded with objections to item Nos. 1, 2, 10-13, 18, and 19, and served a privilege log for documents and things for which he asserts various privileges.

2. The documents and items delineated in the privilege log are the proper subject of a privilege. The Court therefore orders that the following information be deemed confidential:

    (a) Use of Force Report involving James Langford and John Sunia (Bates #01224-01225, 01590-01591);

    (b) Training Records of James Langford (Bates #01108-01121, 01124, and 01125);

    (c) Training Records of John Sunia (Bates #01389-01396);

    (d) Memo re Step Increase Notification for James Langford;

    (e) Memo re Step Increase Notification for John Sunia; and

    (f) Classifications and Salary Ranges, revised January 26, 2012.

3. Defendants may redact personal and irrelevant confidential information related to the defendants and third parties not related to the incident that is the subject matter of this litigation, contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

4. The Court may modify this protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further stipulate to add or delete documents or information subject to this protective order.

5. Said documents were acquired in confidence and are the proper subject of a privilege, and defendants' concerns of privilege and other objections raised in their response and outlined in their privilege logs are adequately protected by the protective agreement and order.

6. The production of documents referenced in this protective order shall be subject to the following protections:

    (a) All such documents, writings, and information will be considered

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose.

   (b) Said documents and information shall not be disclosed by plaintiff or his attorney to anyone other than:

    (1) The plaintiff's attorney and his staff;

    (2) Any expert or consultant hired or retained by plaintiff or his attorney;

    (3) Any judge or magistrate judge presiding over any aspect of this action;

    (4) Any mediator or other settlement officer agreed to or appointed to assess and evaluate the dispute;

    (5) Subject to the below exceptions, any witnesses disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of the Federal Rules of Civil Procedure and local rules, or any deponent in the course of testifying or preparing for testimony.

  7. The materials contained in the personnel files of defendants James Langford and John Sunia shall not be provided to or viewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

  8. Such documents and information shall not be provided to news media, television, or radio, or placed on the Internet.

  9. All persons to whom said documents are disclosed shall be apprised of this protective order and of its binding nature on all persons connected with this case. **Not applicable to the Court.**

  10. To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document produced in *Chavez v. City of Oxnard, et al.,* subject to protective order."

1  11. Confidential information or documents shared with or otherwise disclosed to witnesses shall be returned to the disclosing party at the conclusion of this action, and any copies shall be destroyed forthwith at the conclusion of this action.

12. The admissibility of the items herein disclosed is not conceded, and defendants have the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

13. Disclosure of said documents shall be made within ten days of receipt by defendants of this signed and conformed order.

**IT IS SO ORDERED.**

Dated: June 11, 2012

_____
PAUL L. ABRAMS
United States Magistrate Judge

TELEPHONE (805) 278-0920